## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

| | |
|---|---|
| BAYER HEALTHCARE LLC, | |
| Plaintiff, | |
| v. | Civil Action No.: _____ |
| CENTOCOR ORTHO BIOTECH INC., | Jury Trial Requested |
| Defendant. | |

## COMPLAINT

Plaintiff Bayer HealthCare LLC ("Bayer") files this Complaint for patent infringement against Defendant Centocor Ortho Biotech Inc. ("Centocor") and alleges as follows:

### Parties

1.    Bayer is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business at 555 White Plains Road, Tarrytown, New York 10591.

2.    Upon information and belief, Centocor is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 800/850 Ridgeview Drive, Horsham, Pennsylvania 19044.

3.    Centocor manufactures, uses, offers for sale, and/or sells a treatment for, *inter alia*, rheumatoid arthritis, psoriatic arthritis, and ankylosing spondylitis under the trade name SIMPONI™.

### Jurisdiction and Venue

4.    This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

{K0404105.1}

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Centocor. Centocor has conducted and does conduct business within the Commonwealth of Massachusetts. Centocor, directly or through intermediaries (including distributors, retailers, pharmacists, doctors, and others), ships, distributes, offers for sale, sells, and/or advertises its products in the United States, the Commonwealth of Massachusetts, and the District of Massachusetts. Centocor has purposefully and voluntarily placed one or more of its infringing products into the stream of commerce with the expectation that consumers in the District of Massachusetts will purchase these infringing products. Consumers in the District of Massachusetts have purchased and continue to purchase these infringing products. Centocor has committed the tort of patent infringement within the District of Massachusetts.

7.      Centocor is currently defending another lawsuit in this district that alleges patent infringement by SIMPONI™, captioned *Abbott Biotechnology Ltd. v. Centocor Ortho Biotech, Inc.*, Civil Action No. 09-40089-FDS.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## Count for Patent Infringement

9.      Bayer refers to and incorporates herein the allegations of Paragraphs 1-8 above.

10.     On August 5, 1997, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,654,407 ("the '407 patent"), entitled "Human Anti-TNF Antibodies," after a full and fair examination. Bayer is the lawful owner of all right, title, and interest in and to the '407 patent, including all right to sue and recover for past damages. A true and correct copy of the '407 patent is attached as Exhibit A to this Complaint.

11.     Upon information and belief, Centocor manufactures, uses, offers to sell, and/or sells in the United States, including this Judicial District, human monoclonal antibodies that bind specifically to human tumor necrosis factor alpha ("TNF-α"), known generally under the trade name SIMPONI™ and the international nonproprietary name golimumab.

12.     Upon information and belief, Centocor's manufacture, use, offer for sale, and/or sale of SIMPONI™ infringes, induces infringement and/or contributes to the infringement of one or more claims of the '407 patent under 35 U.S.C. § 271.

13.     Upon information and belief, Centocor has been aware of the existence of the '407 patent, but nevertheless has been and is now infringing one or more claims of the '407 patent.  This infringement by Centocor has been willful and deliberate and in disregard of Bayer's lawful rights under the '407 patent, thus rendering this case "exceptional," as that term is set forth in 35 U.S.C. § 285.

14.     Bayer has suffered and will continue to suffer damages as a result of Centocor's infringement.

## Prayer for Relief

WHEREFORE, Bayer prays for judgment against Centocor as follows:

A.     Adjudging that the '407 patent is valid and enforceable;

B.     Adjudging that Centocor has infringed the '407 patent directly and/or indirectly by way of contributing to and/or inducing infringement, literally and/or under the doctrine of equivalents;

C.     Awarding Bayer the damages to which it is entitled under 35 U.S.C. § 284 for Centocor's infringement and any continuing or future infringement, together with pre-judgment and post-judgment interest and costs as fixed by the Court;

D.    Adjudging that Centocor's infringement has been willful, and awarding Bayer treble damages pursuant to 35 U.S.C. § 284;

E.    Declaring this to be an exceptional case and awarding Bayer its attorney fees, as provided by 35 U.S.C. § 285; and

F.    Awarding Bayer such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Bayer demands a trial by jury of any and all issues triable of right by a jury.

Respectfully submitted,

BAYER HEALTHCARE LLC,

By its attorneys,


/s/ Erik J. Frick
Erik J. Frick  (BBO # 553336)
Lawrence R. Kulig  (BBO # 544656)
Kenneth Y. Lee  (BBO # 644653)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two International Place, 16th Floor
Boston, MA 02110-2602
(617) 342-6800
efrick@eckertseamans.com
lkulig@eckertseamans.com
klee@eckertseamans.com

Peter B. Bensinger, Jr.
(*pro hac vice application to be filed*)
Kaspar J. Stoffelmayr
(*pro hac vice application to be filed*)
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
peter.bensinger@bartlit-beck.com
Dated:  August 14, 2009          kaspar.stoffelmayr@bartlit-beck.com